[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in White Plains, New York on August 7, 1969. The plaintiff has resided continuously in this state for sixteen years. Presently, there are three minor children issue of the marriage. They are Stephen, born August 12, 1979; Francine, born December 7, 1981; and Stephanie, born August 5, 1984. The evidence indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground. CT Page 6097
The plaintiff, age 48, and the defendant, age 51, are both bright and articulate. The plaintiff indicated she enjoys good health, and the defendant advises that he suffers occasional epileptic seizures. The plaintiff currently works as an advertising account executive for a New York newspaper. The defendant is a licensed real estate broker and operates his own business in New York state.
This has been a long and tumultuous marriage. The plaintiff ascribes as the reason for the disintegration of the relationship over the years to the hostile behavior of the defendant, including mental and physical abuse inflicted on the plaintiff and the children. The defendant complains about the plaintiff's excessive spending habits and has concluded that the plaintiff suffers from a serious emotional illness. Despite their complaints, the parties found time to have five children and worked together in several joint business ventures through the years. The court finds the plaintiff's version of the causes of the breakdown more credible, and concludes that the defendant must bear the major responsibility for the breakdown of this marriage.
There was conflicting testimony over the defendant's relationship with the minor children and as to the source of funds for the purchase of the marital residence. The court has found it most difficult to find the defendant's testimony credible on several important issues. The defendant's father passed away in 1989 and his estate opened in 1990. The defendant has received two partial distributions from the estate but was unable to advise the court as to the approximate balance due him and when it would be forthcoming. The defendant was not able to tell the court his earnings history during the marriage but had no difficulty in telling the court that he lost $30,000 to $40,000 per year in income for the last two years because the plaintiff has refused to turn over his mail and business records. The defendant's lack of candor has made the court's task more difficult in resolving the issues presented in this case. However, the court has carefully considered the criteria set forth in Connecticut General Statutes Sections 46b-56, 46b-62,46b-81, 46b-82 and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter. CT Page 6098
1. Both parties have requested custody of the minor children. The court has reviewed the evidence presented by the parties, the family relations counselor, the parties' seventeen year old son and has considered the position of the children as represented by their counsel. Sole legal and physical custody of the minor children is awarded to the plaintiff.
The defendant has indicated a desire to maintain a relationship with his minor children, and the court believes his interest is sincere. However, the plaintiff and the children are opposed to any visitation at the present time. This position is approved and recommended by the family relations counselor and is advocated by the children's counsel.
This decision troubles the court, because it would like to encourage a meaningful relationship between the children and their father. However, the plaintiff has established by clear and convincing evidence that it would be in the children's best interests not to permit any visitation or contact by the defendant at the present time. Therefore, it is ordered that, until further order of the court, the defendant shall have no rights of visitation with the minor children and the defendant shall not attempt to contact the children in person, or by telephone. The court is optimistic that with the passage of time and as each child gets older he or she will want to mend fences and desire to renew the relationship with the defendant.
2. Both parties jointly own the marital residence located at 58 Parry Road, Stamford. Each has requested to be awarded the entire interest in the property. The home was purchased in 1990 for a price in excess of $335,000. The cash used to purchase came from the plaintiff's inheritance plus additional funds from her mother. Both parties agree that the current fair market value of the premise is approximately $280,000. There is an outstanding mortgage of approximately $225,000, leaving an equity of $55,000. If the property were ordered sold, the closing costs and fees of sale would reduce the equity by as much as $20,000, leaving a smaller amount for distribution.
The plaintiff is awarded the entire interest in the marital residence. The defendant's interest is ordered transferred to the plaintiff pursuant to Section 46b-81 of the Connecticut General Statutes. The plaintiff shall be solely responsible for the payment of the outstanding mortgage and indemnify the defendant and hold him harmless from any liability thereon. CT Page 6099
3. No credible evidence was presented as to the defendant's current income. He testified that he has recently started up on business and has been operating it and living on a $10,000 loan that will soon be exhausted.
The defendant shall pay to the plaintiff as periodic alimony the sum of one ($1) dollar per year. The payments shall continue until the death of either party or the plaintiff's remarriage, whichever events first occurs.
The defendant shall pay as child support the sum of one ($1) dollar per year per child until each child dies, becomes emancipated, reaches majority or age 19, if still in high school, whichever event first occurs.
The plaintiff may seek modification of these orders whenever the defendant's fortunes change.
4. At the marital residence there are personal and business items of the defendant. The items were inventoried by a certified public accountant retained by the defendant. The prepared inventory was entered into evidence as Exhibit #27.
The defendant's financial affidavit lists the value of these items to be in excess of $173,000.
The defendant is awarded the list of personal and business effects as scheduled on Exhibit #27, with the exception of the following items which are awarded to the plaintiff:
1. Casio organ;
2. one IBM Selectric typewriter;
3. one English racing bicycle;
4. one filing cabinet;
5. the one computer currently used by the children.
6. Toro 450 lawn mower
7. Craftsman 9 inch snow blower CT Page 6100
8. Giant vac leaf blower
5. The plaintiff is awarded the furniture and fixtures located at the marital residence, with the following exceptions which are awarded to the defendant and shall be removed when the other personal property of the defendant is taken.
1. Bedroom coffee table
2. 2 Civil War character lamps
3. 3 China closet hutch fixtures
4. Glass top coffee table
 5. All items listed on Exhibit 15, except the following which are awarded to the plaintiff:
 1. Pitcher and bowl
2. Fairbanks scale
3. 2 irons
4. 2 black elephants
5. bud vase
The defendant shall arrange to have the personal property removed, at his expense, no later than September 30, 1996. The defendant shall give the plaintiff a minimum of three days advance notice before the date selected by him, and the defendant shall not be present at the time the property is removed. The defendant shall have an impartial person present while the property is removed and an itemized list of the property removed shall be completed and signed by the plaintiff and the defendant's representative.
6. The defendant is awarded his 1996 Ford wagon together with the loan obligation; his bank accounts; his interests in his various business entities; the 1988 Dodge van.
The plaintiff shall transfer to the Defendant the title to the Dodge van. CT Page 6101
The defendant shall execute whatever documentation is necessary in order to remove the plaintiff as an officer, partner and/or shareholder of any business entity with which he and she are affiliated.
The defendant shall return to the plaintiff all the documentary records she produced for the plaintiff's inspection.
7. There was evidence that the defendant has a vested interest in his late father's estate. Partial distributions have been made to the defendant, and there is a balance due him. The defendant has failed to list his interest as an asset on his financial affidavit and on cross examination by the plaintiff advised that he has no idea as to the value of his interest.
The plaintiff testified that the defendant's initial interest in the estate was worth three hundred and thirty thousand ($330,000) dollars.
The defendant shall pay to the plaintiff, as assignment of property, twenty (20%) percent of all distributions the defendant shall receive from his father's estate payable as they are received. However, the plaintiff shall only share in distributions that do not exceed three hundred thirty thousand ($330,000) dollars. All distributions in excess of that amount shall be the sole property of the defendant.
8. The plaintiff shall be solely responsible for the payment of the entire balances due in the liabilities listed on her financial affidavit dated July 26, 1996, with the exception of the medical bills owed to Dr. Hall, Dr. Gardner and the Stamford Hospital.
As to the three medical bills, the plaintiff is hereby authorized, pursuant to Section 46b-84d of the Connecticut General Statutes, to file claims with the medical insurance carrier of the policy carried by the defendant for payment or reimbursement. If the claims are paid by the carrier, any unreimbursed balances shall be the shared responsibility for the parties, and each shall pay fifty percent (50%) of any balance.
If the claims are rejected by the carrier for any reason, including late filing, or if the defendant fails to cooperate in furnishing the necessary information for the filing of the claims, then in either event, the defendant shall be solely CT Page 6102 responsible for the payment of the entire three bills.
9. The defendant shall be solely responsible for the payment of the liabilities listed on his financial affidavit dated August 1, 1996, and indemnify and hold harmless the plaintiff from any liability thereon.
10. The defendant shall indemnify and hold harmless the plaintiff from any liabilities for taxes, assessments, penalties or interest which may result from any joint federal or state income tax returns signed by the parties as pertains to the defendant's income, and the defendant shall solely pay for the defense against such claims.
11. Each party shall pay his and her own counsel fees.
12. The plaintiff's maiden name of Doyle is ordered restored.
Judgment may enter accordingly.
NOVACK, J.